UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Quincy J Logan

      Debtor.
_____/

Case No. 13-51751-mlo
Chapter 7
Hon. Maria L. Oxholm

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEBTOR'S EMERGENCY MOTION TO REOPEN & REINSTATE CHAPTER 7 BANKRUPTCY PETITION APPLICATION TO HAVE FILING FEE WAIVED**

The matter is before the Court on Debtor Quincy Logan's ("Debtor") Emergency Motion to Reopen & Reinstate Chapter 7 Bankruptcy Petition Application to Have Filing Fee Waived ("Motion"). [ECF No. 43]. Debtor seeks to reopen the bankruptcy case to request an extension to file Official Form 23 Certification of Completing of Instructional Course Concerning Personal Financial Management ("Certificate") so that he may obtain a discharge. For the reasons stated below, the Motion is denied and the application to have the filing fee waived is granted.

Debtor filed his petition for Chapter 7 relief on June 11, 2013. The Meeting of Creditors was scheduled for July 18, 2013 and concluded on September 11, 2013, and the time fixed for filing of the Certificate was September 16, 2013. [ECF No. 2]. Debtor did not file the Certificate any time before the entry of the Final Decree. The Final Decree, entered on October 16, 2013, states, "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 23, Certification of Completion of Instructional Course Concerning Personal Financial Management." [ECF No. 33]. Notice of the Final Decree was served to the Debtor and Creditors on October 18, 2013.

On December 23, 2020, over 7 years later, Debtor filed the Motion because one of his creditors, Credit Acceptance, began garnishment proceedings and Debtor now desires a discharge.

1

The Motion includes a Certificate of Debtor Education, that states the Debtor completed a course by internet on personal financial management on December 11, 2020. [ECF No. 43; Ex. 2]. The Debtor filed this Certificate on December 23, 2020. [ECF No. 44]. Debtor, who is proceeding pro se, failed to cite to any authority for the relief requested.

A motion to reopen a case is governed by 11 U.S.C. § 350(b), which provides as follows, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." § 350(b). Additionally, Local Bankruptcy Rule 5010-1 further states, "After a case is closed, a debtor seeking to file either Official Form 23 (Debtor's Certification of Completion of Instructional Course Concerning Financial Management) . . . shall first file a motion to reopen." L.B.R. 5010-1. While a decision to reopen is discretionary with the court, the burden is on the debtor to establish cause. *In re Barrett,* 569 B.R. 687, 690 (E.D. Mich. 2017) (quoting *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985)).

Although not specifically identified in the Motion, Debtor seeks to reopen his bankruptcy case to request an extension of time to file the required Certificate pursuant to Bankruptcy Rule 9006(b)(3). This Rule states in relevant part that, "the court may enlarge the time to file the statement [the Certificate] required under Rule 1007(b)(7) ... only to the extent and under the conditions stated in Rule 1007(c)." Fed. R. Bankr. P. 9006(b)(3). Rule 1007(c), in turn, requires that, "In a Chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the date set for the first meeting of creditors under Sec 341 of the Code … ." Fed. R. Bankr. P. 1007(c).

While Rule 1007(c) permits the court to, "at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7)[,]… any extension . . . may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). The courts that have considered whether

"cause" exists have applied a four-part test. *Barrett,* at 690. The four factors are "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *Id.* at 690-691. Further, these courts have denied the motion where the certificate and motion to reopen were not filed within a short period of time after the closing of the case without a discharge. *Id*.

The Court will consider the four-part test used in *Barrett.* Turning to the first factor, the Debtor has provided no explanation for the over 7-year lapse in procuring the Certificate. The Motion simply states that "he failed to attend and submit a second pre-discharge Certificate of Debtor Education." [ECF No. 43 Para. 3]. Nor has the Debtor provided any explanation for the 7-year delay in filing the Motion. The Debtor decided to finally complete the course and file the Certificate due to garnishment by creditor Credit Acceptance. [ECF No. 43; Para. 4] This factor favors denial of the Motion.

Second, the Debtor's request is not timely as more than 7 years have transpired since the closing of the case. The Court agrees with the reasoning in *Barrett* that "[s]uch a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge." *Id*. at 691. This factor favors denial of the Motion.

Regarding, the third factor, fault does not lie with counsel. Debtor has always represented himself with the assistance of a bankruptcy petition preparer. [ECF No. 43; Para. 2]. As Debtor, made the decision to proceed pro se, it is his responsibility to follow all the requirements for a discharge in his bankruptcy. This factor favors denial of the Motion.

3

Finally, the Court concludes that creditors would be prejudiced by granting a discharge more than 7 years after the case was closed. "Generally speaking, the longer the delay, the greater the prejudice." *Id*. at 692. This factor favors denial of the Motion.

In conclusion, the Debtor has failed to demonstrate cause for reopening of the case. Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Motion is denied.

2. The filing fee for the Motion is waived.

3. The certificate entitled "Personal Financial Management Course Certificate" [ECF No. 44] is stricken as untimely and because this case is closed (and **will not be reopened**).

4. Debtor may file a new bankruptcy case.

**Signed on January 5, 2021**



/s/ Maria L. Oxholm
_____
Maria L. Oxholm
United States Bankruptcy Judge